**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL X 2 2007
JUL 2, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DOLORES ROBARE; | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 07 L 3140 |
| vs. | ) |
| | ) |
| COOK COUNTY; | ) |
| Cook County Sheriff's Police Officers | ) 07CV3705 |
| JOHN DARGE, Star 1090; | ) JUDGE GUZMAN |
| MARGIE SULLIVAN, Star 901; | ) MAG. JUDGE DENLOW |
| CITY OF CHICAGO, A Municipal Corporation;) | |
| Chicago Police Officers | ) |
| MICHAEL MUSZYNSKY, Star 18315; and | ) |
| JOSEPHINE CHRISTOPHER, Star 5974; | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

TO:    Lawrence V. Jackowiak
Louis J. Meyer
Law Offices of Lawrence V. Jackowiak
20 N. Clark Street, Suite 1700
Chicago, Illinois 60602

Defendant Cook County, the only properly served defendant, by attorney RICHARD A.

DEVINE, Cook County State's Attorney, through Michael L. Gallagher, Assistant State's Attorney,

represents to this Court as follows:

1. That there is now pending in the Law Division of the Circuit Court of Cook County, Illinois, a

certain action in which Dolores Robare is plaintiff and in which defendants named above are

defendants, case number 07 L 3140.

2. That the Second Amended Complaint is attached to this notice and incorporated by

reference.

3. That the action is a suit of a civil nature.

4. That the Second Amended Complaint, filed on June 6, 2007 contains allegations that the defendant falsely arrested the Plaintiff, imprisoned her, failed to intervene during an alleged use of excessive force, and conspired against her in violation of her civil rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution. These claims are brought by the plaintiff under 42 U.S.C. 1983. Plaintiff's Complaint also alleges state tort law claims of intentional infliction of emotional distress, battery, willful and wanton conduct, *respondeat superior*, and an indemnification claim.

5. That this Court has original jurisdiction over this action under 28 U.S.C. sec. 1331, and supplemental jurisdiction over the state tort claims under 28 U.S.C. sec 1367. This action may be removed to this Court pursuant to 28 U.S.C. 1441, et al.

6. That this notice is being filed within thirty (30) days after receipt of the Second Amended Complaint by defendant and that the time for filing this notice has not expired.

7. That written notice of the filing of this notice has been given to all other parties as provided by law.

8. That a true and correct copy of the notice will be filed with the Clerk of the Circuit Court for Cook County, as provided by law.

WHEREFORE, Defendant respectfully requests that the above-entitled action pending in the Circuit Court of Cook County, case number 07 L 3140 be removed therefrom to this Court.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By:

Michael L. Gallagher
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Il 60602
(312) 603-3124
No.6284132

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

2007 JUN -5 AM 9: 08

| | |
|---|---|
| DOLORES ROBARE; | ) |
| | ) |
| **Plaintiff,** | )    No. 07 L 3140 |
| | )    Calender/Room B |
| vs. | ) |
| | )    **Jury Demand** |
| COOK COUNTY; | ) |
| Cook County Sheriff's Police Officers | ) |
| JOHN DARGE, Star 1090; | ) |
| MARGIE SULLIVAN, Star 901; | ) |
| CITY OF CHICAGO, | ) |
| A Municipal Corporation; | ) |
| Chicago Police Officers | ) |
| MICHAEL MUSZYNSKY, Star 18315; and | ) |
| JOSEPHINE CHRISTOPHER, Star 5974; | ) |
| | ) |
| **Defendant.** | ) |

## SECOND AMENDED COMPLAINT

1.    Plaintiff is a citizen of the United States, and a resident of the City of Chicago.

2.    The individual Defendants are duly appointed and sworn police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

3.    The Defendant-Officers are sued in their individual capacities.

### Facts

4.    On or about August 17, 2006, Plaintiff was walking across Ashland Avenue, at or near Irving Park Road, in the City of Chicago.

5.    Plaintiff carefully walked from the east side of Ashland Avenue, to the west side.

6.    As Plaintiff was crossing the street, she observed a car coming at her that seemed to increase in speed as it got closer to her.

7.    The car came to a sudden screeching stop. Defendant-Officer JOHN DARGE got out of the car in a rage and began screaming at Plaintiff using profanity.

8.    DARGE yelled at Plaintiff, "I could have killed you!"

9.    DARGE quickly approached Plaintiff, grabbed her, and dragged her to a sidewalk.

10.    DARGE demanded that Plaintiff produce identification.

11.    Plaintiff asked why she should have to produce identification, and also asked why she was she being treated improperly and abused.

12.    Plaintiff eventually produced identification; DARGE took it to his partner, Defendant-Officer MARGIE SULLIVAN, to run Plaintiff's name.

13.    After several minutes, Plaintiff asked, "What's taking so long?" and began walking toward the car that Defendant-Officer SULLIVAN was sitting in.

14.    DARGE screamed at Plaintiff, "Don't go near my partner!" DARGE then forcefully grabbed Plaintiff's wrists, violently put Plaintiff's arms behind her back, and put her in handcuffs.

15.    Plaintiff asked DARGE why he put her in handcuffs.

16.    DARGE would not answer Plaintiff's question.

17.    Plaintiff demanded an explanation for why she was attacked and placed in handcuffs.

18.    After Plaintiff was in handcuffs, DARGE grabbed Plaintiff around the neck, and then intentionally tripped Plaintiff by kicking her feet from underneath her. This caused Plaintiff to fall to the ground face-first.

19.    After she was on the ground, Plaintiff tried to get up, but DARGE would push her back to the ground.

20.    Plaintiff yelled, "What are you doing?" and "Why are you doing this?"

21.    DARGE did not respond.

22.    Instead, DARGE repeatedly hit the back of Plaintiff's head, intentionally smashing Plaintiff's head into the sidewalk.

23.    During the incident, Chicago police officers MICHAEL MUSZYNSKY and JOSEPHINE CHRISTOPHER arrived on the scene.

24.    Defendant-Officer MUSZYNSKY also assisted in the beating when Plaintiff would try to get up or defend herself.

25.    MUSZYNSKY hit, beat and kicked Plaintiff.

26.    During this struggle, MUSZYNSKY tackled Plaintiff to the ground; Plaintiff suffered additional pain and injuries from hitting the concrete.

27.    Defendant-Officers SULLIVAN and CHRISTOPHER were present for the attack

-2-

on Plaintiff, but never made any attempt to stop the beating on Plaintiff.

28.     An ambulance arrived on the scene and Plaintiff was taken to Thorek Hospital for medical attention for the injuries Plaintiff received from the above-described beating.

29.     At the hospital, Plaintiff remained in police custody and was handcuffed to her bed.

30.     After she arrived at the hospital, Plaintiff repeatedly asked to call her husband, but the police would not let her.

31.     At home, Plaintiff's husband became worried about his wife's safety and whereabouts, and called 911.

32.     None of the Defendant-Officers received any injuries from this incident.

33.     Defendant-Officers prepared false police reports claiming that Plaintiff committed a battery upon Defendant-Officers. However, even though Plaintiff was arrested and was in police custody for several hours, Plaintiff was not charged with any crime.

34.     As a direct and proximate result of the acts described above, Plaintiff has suffered and continues to suffer damages including emotional distress, physical pain and suffering, and monetary losses including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

35.     Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

36.     Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

37.     The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers;

b)      Award compensatory and punitive damages, as determined at trial;

c)      Award attorneys' fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and equitable.

-3-

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

38.     Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

39.     The actions of Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers;

b)      Award compensatory and punitive damages, as determined at trial;

c)      Award attorneys' fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

40.     Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

41.     While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

42.     Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers;

b)      Award compensatory and punitive damages, as determined at trial;

c)      Award attorneys' fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Civil Conspiracy)

43.     Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

44.     Defendant-Officers knowingly and intentionally schemed and worked together in

-4-

a common plan to cover-up the false arrest and beating of Plaintiff.

45.    Defendant made out false and incomplete official reports.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendant-Officers;

b)    Award compensatory and punitive damages, as determined at trial;

c)    Award attorneys' fees and costs;

d)    Award such other and additional relief that this Honorable Court deems just and
      equitable.

## COUNT V
### (State Law Claim for Intentional Infliction of Emotional Distress)

46.    Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

47.    Defendant-Officers' conduct was extreme and outrageous.

48.    Defendant-Officers intended to cause Plaintiff severe emotional distress, or knew
that there was a high probability that their conduct would cause Plaintiff severe emotional
distress.

49.    Defendant-Officers' conduct caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendant-Officers;

b)    Award Plaintiff compensatory and punitive damages, as determined at trial;

c)    Award Plaintiff costs;

d)    Award such other and additional relief that this Honorable Court deems just and
      equitable.

## COUNT VI
### (State Law Claim for Battery)

50.    Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendant-Officers;

b)    Award Plaintiff compensatory and punitive damages, as determined at trial;

c)    Award Plaintiff costs;

d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
### (State Law Claim for Willful and Wanton Conduct)

51.     Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

52.     Defendant-Officers had a duty to Plaintiff to not physically and orally abuse her, and also to protect her from such abuse.

53.     Defendant-Officers breached that duty.

54.     Defendant-Officer's breach exhibited a reckless disregard for the safety of others, including a failure to exercise ordinary care.

55.     Defendant-Officers acted with a conscious disregard for the consequences while they knew the safety and protection of others was involved.

56.     Defendant-Officers knew of the possible harm and danger to Plaintiff, and failed to exercise ordinary care to prevent the danger.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officers;

b)     Award Plaintiff compensatory and punitive damages, as determined at trial;

c)     Award Plaintiff costs;

d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (State Law *Respondeat Superior* Claim)

57.     The acts of the individual Chicago police officers described in the state law claims specified above were willful and wanton, and committed in the scope of employment.

58.     Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against the CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IX
### (State Law *Respondeat Superior* Claim)

59.     The acts of the individual Cook County Sheriff's police officers described in the claims specified above were willful and wanton, and committed in the scope of employment.

60.     Pursuant to *respondeat superior*, Defendant COOK COUNTY, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against the COOK COUNTY, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT X
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

61.     Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

62.     The acts of the individual Chicago police officers described in the above claims were willful and wanton, and committed in the scope of employment.

63.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of said Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify its Defendant-Officers for any judgment entered in this case arising from their actions.

## COUNT XI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

64.     Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

65.     The acts of the individual Cook County Sheriff's police officers described in the above claims were willful and wanton, and committed in the scope of employment.

66.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant COOK COUNTY is liable for any judgments in this case arising from the actions of said Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant COOK
COUNTY to indemnify its Defendant-Officers for any judgment entered in this case arising from
their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (                    ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW _____ DIVISION

RECEIVED
COOK COUNTY CLERK
2007 MAY 10 AM 11: 36

(Name all parties)

ROBARE;

v.

No. 2007 L 003140

DOES, et al.,

### SUMMONS

To each Defendant:     *See attached service list.*

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 34904

Name: Lawrence V. Jackowiak

Atty. for: Dolores Robare; Plantiff

Address: 20 North Clark Street Suite 1700

City/State/Zip: Chicago, Illinois 60602

Telephone: 312-795-9595

Service by Facsimile Transmission will be accepted at: _____

WITNESS,_____

_____
**Clerk of Court**

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## Service List

Cook County
69 West Washington, 5th Floor
Chicago, Illinois 60602

Cook County Sheriff's Police Officer John Darge, Star 1090
50 West Washington, Room 704
Chicago, Illinois 60602

Cook County Sheriff's Police Officer Margie Sullivan, Star 901
50 West Washington, Room 704
Chicago, Illinois 60602

City of Chicago
121 North LaSalle Street, Room 107
Chicago, Illinois 60602

Chicago Police Officer Michael Myszynsky, Star 18315
Attn: Office of Legal Affairs
3510 South Michigan Avenue
Chicago, Illinois 60653

Chicago Police Officer Josephine Christopher, Star 5974
Attn: Office of Legal Affairs
3510 South Michigan Avenue
Chicago, Illinois 60653

*PH*

**FILED**

J:N  JUL X 2 2007
JUL 2, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOLORES ROBARE; )
)
Plaintiff, )
) No. 07 L 3140
vs. )
)
COOK COUNTY; )
Cook County Sheriff's Police Officers )   07CV3705
JOHN DARGE, Star 1090; )   JUDGE GUZMAN
MARGIE SULLIVAN, Star 901; )   MAG. JUDGE DENLOW
CITY OF CHICAGO, A Municipal Corporation;)
Chicago Police Officers )
MICHAEL MUSZYNSKY, Star 18315; and )
JOSEPHINE CHRISTOPHER, Star 5974; )
)
Defendants. )

**NOTICE OF FILING**

TO:     Lawrence V. Jackowiak
        Louis J. Meyer
        Law Offices of Lawrence V. Jackowiak
        20 N. Clark Street, Suite 1700
        Chicago, Illinois 60602

    PLEASE TAKE NOTICE that on July 2, 2007 I will file with the Clerk of the Court of the
United States District Court for the Northern District of Illinois, the attached NOTICE OF
REMOVAL.

                        RICHARD A. DEVINE
                        State's Attorney of Cook County

                        By: _____
                            Michael L. Gallagher
                            Assistant State's Attorney
                            500 Richard J. Daley Center
                            Chicago, Il 60602
                            (312) 603-3124
                            No.6284132

## CERTIFICATE OF SERVICE

I, Michael L. Gallagher, Assistant State's Attorney, hereby certify that the attached was served upon the person named above on July 2, 2007 depositing such copy in the United States Mail at 500 Richard J. Daley Center, Chicago, Illinois, in an envelope bearing sufficient postage.

Michael L. Gallagher